GAUDIN, Judge.
This appeal is concerned with the one-year tort prescriptive period. Cathy Lee and her minor son Allan were injured in a two-automobile accident on January 11, 1980. Mrs. Lee was driving her 1966 Dodge when it collided with a 1979 Toyota operated by Rees Risley.
Also hurt were two passengers in Mrs. Lee’s auto, Linda Revere and her minor son Jason.
The Lees did not file a claim for damages against Risley and his insurance company until December 6, 1982 when they filed an intervention and/or third party petition in an action that had been instituted by the Reveres against Risley and his insurer and Cathy Lee and her insurer on November 26, 1980. The December 6, 1982 pleading was met with an exception of prescription filed by Risley’s insurer, Mann Insurance Company. The exception was maintained in the 24th Judicial District Court, and we affirm.
On appeal, the Lees contend that the one-year prescriptive period was interrupted by:
(1) The original petition for damages filed by the Reveres, and/or
(2) The intervention and/or third party petition filed in the original suit on December 6, 1982, and/or
(3) A suit filed by the Lees on August 19, 1981 against their uninsured motorist carrier, State Farm Mutual Automobile Insurance Company.
Initially, appellants cite LSA-R.S. 9:5801,[1] which states:
“All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants ... by the commencement of a civil action in a court of competent jurisdiction and in the proper venue ...”
However, all claims from a single tort do not necessarily constitute a single cause of action. Late-filers must be closely connected in relationship and identity with the original plaintiff or plaintiffs. In Louviere v. Shell Oil Co., 440 So.2d 93 (La.1983), the Supreme Court of Louisiana stated:
“... when several parties share a single cause of action (as through partial subro-gation), suit by one interrupts prescription as to all. However, when a suit by a second party states a different cause of action than the suit by the first party, although each cause of action is based in part on common facts, the first suit does not interrupt prescription as to the subsequent cause of action. See Guidry v. Theriot, 377 So.2d 319 (La.1979), in which this court held that because the wrongful death and survival actions are based on two separate and distinct causes of action, a timely survival action *283 does not interrupt prescription as to the wrongful death claim.”
Here, partial subrogation is not involved and the trial judge ruled that the Lees’ petition of December 6, 1982, although based on the same tort, i.e., Risley’s alleged negligence, spelled out a different cause of action and asked for different items of damages from the Reveres’ suit of November 26, 1980. In other words, the Lees’ cause of action and the Reveres’ cause of action were connected only by Risley’s alleged negligence, and this was not a close enough joinder.
Appellants would have the court relate the December 6, 1982 pleadings back to the November 26, 1980 filing date, and they cite LSA-C.C.P. art. 1067, which reads:
“An incidental demand is not barred by prescription ... if it was not barred at the time the main demand was filed ...”
Generally, Louisiana courts have liberally construed this article and also LSA-C. C.P. art. 1153 in favor of allowing amendments or additions. Our courts have relied more on the importance of notice rather than on procedural technicalities.
Article 1153:
“When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.”
Nonetheless, when claimants enter a tort lawsuit subsequent to prescription, there must be an identifiable interest between the original and supplemental parties; or, as Justice Albert Tate, Jr. pointed out in his article,[2] “Amendment of Pleadings in Louisiana,” 43 Tul.L.Rev. 211 (1969):
“There should be some factual connexity between the original and amended assertions, together with some identity of interest between the original and supplemental party, before the amendment is excepted from the interests intended to be protected by the prescriptive statute.”
(Underlying supplied.)
Considering Louviere, it is difficult to conceive a similarity between the Lees’ claims for injuries and the Reveres’ claims for injuries, notwithstanding the fact that the same defendant or defendants could ultimately be cast in judgment.
Turning now to the Lees’ August 19, 1981 suit against State Farm, we note that had this action been instituted within a year of the accident, the filing arguably would have interrupted prescription against Risley and Mann because the Lees’ uninsured motorist carrier and Risley and Mann would have been solidarily liable for the Lees’ injuries. But such was not the case. Risley and Mann were not co-obli-gors along with State Farm as of August 19, 1981 unless prescription against Risley and Mann had been interrupted in some other fashion in some other case. Thus, LSA-C.C. art. 2097, relied on by appellants, is inapplicable.
For these reasons, we affirm the decision of the district court sustaining the exception of prescription filed by Mann Insurance Company, with appellants to pay costs.
AFFIRMED.

. Repealed January 1, 1985, replaced by LSA-C.C. art. 3462.

. Cited in Allstate Ins. Co. v. Louisiana Gas Serv. Co., 344 So.2d 386 (La.App. 4th Cir.1977).