**Julius DUCRE**

v.

**MINE SAFETY APPLIANCES CO., et al.**

Nos. 80–4338, 84–4158.

United States District Court, E.D. Louisiana.

April 8, 1986.

Joseph M. Bruno, Bruno and Bruno, New Orleans, La., for plaintiff.

Charles M. Steen, Robert E. Holden, George W. Pugh, Jr., Liskow & Lewis, New Orleans, La., for C.E. Hartzman, J.M. Garrett, Edward Benezech, John Chantrey, Paul Tregre and The Travelers Ins. Co.

Felicien P. Lozes, Lozes & Lozes, New Orleans, La., for Avondale Shipyards, Inc.

## OPINION

ARCENEAUX, District Judge.

This matter is before the Court on motion for summary judgment filed by Mine Safety Appliances Company (MSA) and adopted by certain underwriters at Lloyds, London (Lloyds), Commercial Union Insurance Company (Commercial Union), C.E. Hartzman, J.M. Garrett, Ed Benezech, John Chantrey, Paul Tregre (executive officers) and The Travelers Insurance Company (Travelers) asserting plaintiffs' wrongful death action was untimely filed and therefore, prescribed (time-barred). The motion was submitted upon the briefs. Having thoroughly considered the memoranda of counsel, exhibits, pleadings and the law, the motion for summary judgment is GRANTED for the reasons set forth hereinafter.

## BACKGROUND

Plaintiff, Houston Causey, was employed at Avondale Shipyards, Inc. (Avondale) as a sandblaster and painter. Plaintiff alleges he contracted silicosis as a result of being exposed to and ingesting free silica during his sandblasting activities. Plaintiff on his own behalf filed suit for damages against MSA, a manufacturer of safety protective equipment and other defendants on July 25, 1984. On October 22, 1984, Mr. Causey died. (Exhibit 1). Thereafter, on December 2, 1985, Mr. Causey's widow and children filed a supplemental and amending complaint (erroneously referred to as a "petition" by plaintiffs) asserting a wrongful death action and substituted themselves as plaintiffs in the survival action. (Exhibit 2). The respective dates of Mr. Causey's death and the supplemental and amending complaint are uncontested facts.

It is plaintiffs' position, however, that: (1) Mr. Causey's original suit, now the survival action, interrupted prescription on the wrongful death action; and (2) the defendants were fully aware of the death of Mr. Causey and, therefore, they cannot claim prejudice.

## LAW

■ Jurisdiction of this case is based upon diversity, and therefore, the substantive issue regarding prescription of the wrongful death action will be governed by Louisiana law. *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

The Louisiana Civil Code Art. 2315 provides the bases of the wrongful death action and the survival action asserted by the plaintiffs. The two causes of action are separate and independent of one another. A decedent's statutorily-designated beneficiaries may assert these two causes of action against the tortfeasors who cause the death of the decedent-victim. Specifically, the beneficiary may bring a survival action, i.e., an action for those damages the injured person could have claimed, had he lived; a beneficiary may also bring a wrongful death action, i.e., an action for such damages as the beneficiaries may have sustained as a result of the decedent's death. *Guidry v. Theriot,* 377 So.2d 319, 322 (La.1979).

In the case at bar, Mr. Causey, the decedent-victim, filed suit on his own behalf against the various defendants on July 25, 1984. Assuming his negligence and products liability claims were timely filed, the action did not abate upon his death; it survived him—that is, by timely filing his claims against the defendants, he interrupted the one year prescriptive period. The beneficiaries, as designated in Article 2315, were no longer subject to the one year limitation as to this claim, and could, and did, substitute themselves as plaintiffs on December 2, 1985, within the five year abandonment period provided by La.Code Civ.P. art. 561. *J. Wilton Jones Co. v. Liberty Mutual Insurance Co.,* 248 So.2d 878 (La.App. 4th Cir.1971).

As to the wrongful death action asserted by decedent's widow and children, the Court reaches a different conclusion. As previously stated, the wrongful death action is separate and distinct from the survival action. The wrongful death action arises upon the death of the victim. Article 2315, however, does not specify a time limitation for the wrongful death action. Accordingly, under the Louisiana general tort law such an action is controlled by the general one year prescriptive period of La. Civ.Code. art. 3492. *Ayo v. Johns-Manville Sales Corp.,* 771 F.2d 902 (5th Cir. 1985); *Trahan v. Liberty Mutual Ins. Co.,* 314 So.2d 350 (La.1975); *Langlois v. Allied Chemical Corp.,* 258 La. 1067, 249 So.2d 133 (1971).

Mr. Causey died on October 22, 1984; the supplemental and amending complaint by the decedent's spouse and children asserting the wrongful death action, was filed on December 2, 1985, more than one year after decedent's death. Clearly, unless plaintiff can present evidence to show the prescriptive period was interrupted, the cause of action for wrongful death has prescribed on its face. *Lasseigne v. Earl K. Long*

*Hospital,* 316 So.2d 761 (La.App. 1st Cir. 1975).

The plaintiffs argued that prescription was interrupted by the filing of the original claim for damages by Mr. Causey however this argument was considered and rejected in *Guidry v. Theriot,* 377 So.2d 319 (La. 1979). In *Guidry,* the Court held the wife's filing of the original malpractice suit, (in which the husband substituted himself as a party plaintiff after the wife's death) did not interrupt prescription on the husband's and children's wrongful death claim, which was brought more than one year after the victim's death. The Court emphasized the separateness and independence of the two causes action. While acknowledging that claims may arise from a single tort, (in this instance, medical malpractice), it did not necessarily follow that a survival action and a wrongful death action arising from the tortious conduct presented a single cause of action.

In *Revere v. Risley,* 470 So.2d 281, 283 (La.App. 5th Cir.1985) the Court held that despite the fact that plaintiffs' actions were based on the same tort, (automobile accident) each plaintiff's claim "spelled out a different cause of action and asked for different items of damages" from the original suit filed. The filing of the first suit by a passenger did not interrupt prescription as to the subsequent suit by the driver.

In the case at bar, the survival action and the wrongful death action have been judicially recognized as different causes of action which seek different damages. Thus, the pending claim, which became the survival claim, could not and did not interrupt the one year prescriptive period on the wrongful death action.

Plaintiffs' argument that *Louviere v. Shell Oil Co.,* 440 So.2d 93 (La.1983) repudiated the holding in *Guidry* is an overly broad assessment of the meaning and intent of the *Louviere* opinion. The *Louviere* court was concerned with what effect the filing of a suit by an employee's compensation insurer against the tortfeasor would have on the prescriptive period running against the *employee,* an employee who had not yet filed a tort claim against the tortfeasor. Ordinarily, a suit filed by one party to recover his damages will not affect the running of prescription against other parties who sustained separate damages in the same accident. In *Louviere,* however, the Court determined that the compensation carrier was asserting part of the employee's cause of action because the insurer had paid part of the employee's damages and was entitled to recover to the extent of those payments, as partial subrogee. Further, the claims of both the employee and the compensation carrier were based on the cause of action consisting of the material facts which served as the basis of the employee's right to recover damages; suit filed by either interrupted prescription for both because it involved a single cause of action.

The specific repudiation of *Guidry* was limited to *Guidry's* interpretation of the meaning of "interruption of prescription" under Louisiana law. In some cases, the filing and pendency of a suit was characterized by some Louisiana courts as "interrupting and suspending" prescription. This, however, was rejected by the *Louviere* court as it decided interruption by filing a suit resulted in a continuing interruption, rather than suspension, of prescription. Unfortunately, the *Guidry* court after determining the filing of the survival action would not interrupt prescription as to an untimely wrongful death action, unnecessarily added that even if the filing of the survival action had interrupted prescription the wrongful death action, it would still be prescribed because the wrongful death action was not filed until more than one year after the initial interruption. (The filing of the survival claim).

In *Guidry,* then, an interruption by filing the survival action was only momentary and would start the one year period running again on the wrongful death action. This is not the law in Louisiana. Under current jurisprudence, if the two parties shared a single cause of action (as through partial subrogation) the effect would be a continuous interruption of prescription, al-

lowing a party to assert a claim arising out of the principal cause of action more than one year after the interruption, provided the suit was still pending. Further, if the suit had been dismissed without prejudice, that same party would have had one year after the dismissal of the case to file his suit.

But the controlling factor recognized in both the *Guidry* and *Louviere* cases is that a survival action and a wrongful death action are separate and independent causes of action. Filing of one action does not interrupt the prescription for the other.

■ Plaintiffs also argue that the defendants were aware of Mr. Causey's death and can claim no prejudice. In *Giroir v. South Louisiana Medical Center, Division of Hospitals,* 475 So.2d 1040 (La.1985) the Court allowed the late filing of the children's claim for wrongful death of their mother to relate back to the date when their father, in his own name, had timely filed a wrongful death action.

The Court determined that no essential protective purposes of the prescriptive statute was violated because:

> "[t]hrough the original (timely) pleading the defendants knew that judicial relief was sought arising from the general factual situation alleged, and they were put on notice that their evidence concerning it should be collected and preserved. The fundamental purpose of prescription statutes is only to afford a defendant economic and psychological security if no claim is made timely, and to protect him from stale claims and from the loss of non-preservation of relevant proof. They are designed to protect him against lack of notification of a *formal* claim within the prescriptive period, not against pleading mistakes that his opponent makes in filing the formal claim within the period.

*Giroir,* at 1045. (cites omitted). (Emphasis added).

In *Giroir* the filing of the formal claim of wrongful death by one member of the family was enough to allow the otherwise untimely amendment of other family members to relate back to the original pleading. In effect, the only issue before the Court was whether or not amending the original petition to add parties related back to the date similar claims had been asserted. The Court properly held that the amendment related back. However, the *Giroir* court carefully limited its decision to the addition or substitution of parties vis-a-vis existing claims and cited cases decided under the similar "relation back" provisions of Rule 15(c) of the Federal Rules of Civil Procedure, upon which the Louisiana rule had been modeled. The Court observed these cases had established certain criteria to be applied in determining whether or not a party-adding amendment related back, adding by way of illustration, that a "... substitute defendant must not be a wholly new or unrelated defendant *since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed." Giroir,* at 1043. (emphasis added). It was also noted that the defendants were aware of the decedent's children and grandchildren from the recorded visits in the medical records. The Court specifically found the defendants were given ample time to prepare their defense and that they failed to show they were in any way injured or impaired in their ability to investigate, preserve evidence, and prepare defenses on the liability and quantum issues. The Court addressed the prejudice arguments raised by defendants and dismissed them as unsupportable given the fact that a timely formal claim for wrongful death had been lodged. The case at bar is distinguishable because no formal claim or notice of filing a wrongful death claim had been given to the defendants until one year and two months after the decedent's death. This Court rejects plaintiffs' argument that the defendants knowledge of the decedent's death is tantamount to the filing of a formal claim for wrongful death. To hold otherwise, would defeat the "essential purposes of the prescriptive statute."

Accordingly,

IT IS ORDERED that MSA's motion for summary judgment dismissing the untime-

ly wrongful death claims as adopted by Lloyds, Commercial Union, the executive officers and Travelers is GRANTED.