**Bobby Ray WELCH, Plaintiff-Appellant,**

v.

**LOUISIANA POWER & LIGHT COMPA-
NY et al., Defendants-Appellees.**

**No. 72–1183**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 1, 1972.

Rehearing Denied Aug. 31, 1972.

Robert J. Mack, Hammond, La., for plaintiff-appellant.

John V. Baus, Jones, Walker, Waehter, Poitevent, Carrere & Denegre, New Orleans, La., for Oliver Electrical Manufacturing Co.

Eugene G. Taggart, New Orleans, La., for La. Power & Light.

Frank Klein, New Orleans, La., for W. S. Young.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Bobby Ray Welch, while working as an apprentice lineman for W. S. Young Construction Company, Inc., on construction of power lines for the Louisiana Power & Light Company, sustained permanent injuries when a cross-arm fell from a telephone pole and struck him.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

This accident allegedly resulted from a defect in the bolt which held the cross-arm in place. Welch brought suit against Louisiana Power & Light Company; W. S. Young Construction Company; and the manufacturer of the bolt, whose identity was unknown to him and who was designated in the complaint as "ABC Manufacturing Company." Subsequently Welch discovered that the bolt's manufacturer was Oliver Electrical Manufacturing Company [Oliver] and sought to amend his complaint in order to substitute Oliver for "ABC Manufacturing Company." Oliver moved to dismiss the complaint as to it, on the ground that it had not been made a defendant until after the applicable one-year Louisiana statute of limitations[1] had run. The District Court granted the motion to dismiss, and Welch appeals.

▪ At the outset we meet the question whether the amendment to Welch's complaint relates back to the date of the original complaint, so that Welch is not barred by the statute of limitations from naming Oliver as a defendant. Basic to resolution of this question is a determination whether the relation back of such an amendment is governed by state or federal law. Under Louisiana law such an amendment would not relate back and would be barred by the statute of limitations.[2] Rule 15(c) of the Federal Rules of Civil Procedure, however, permits relation back if the substituted party, even though not served at the time of the original complaint, "(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."[3]

▪▪ We hold that the relation back of an amendment to correct a misnomer in pleadings is governed by federal, not state, law. This Court has held that amendment to pleadings is a procedural matter to be governed by federal law. Gifford v. Wichita Falls & So. Ry. Co., 5 Cir. 1955, 224 F.2d 374, cert. denied, 1955, 350 U.S. 895, 76 S.Ct. 153, 100 L.Ed. 787; Grandey v. Pacific Indemnity Co., 5 Cir. 1954, 217 F.2d 27; Barthel v. Stamm, 5 Cir. 1944, 145 F.2d 487, cert. denied, 1945, 324 U.S. 878, 65 S.Ct 1026, 89 L.Ed. 1430. Since those decisions the Supreme Court has established a strong presumption that the federal rules govern, rather than state law, in cases involving arguably procedural matters. Hanna v. Plumer, 1965, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8. Policy

---

1. La.Civ.Code art. 3536.

2. Under Louisiana law prescription as to Oliver would have been interrupted had Oliver been liable in solido with one of the named defendants. La.Civ.Code art. 2097. Joint tortfeasors are co-debtors liable in solido. La.Civ.Code art. 2324. But as the District Court found, neither Louisiana Power & Light nor Young was a joint tortfeasor liable in solido with Oliver: Louisiana Power & Light was liable only contractually under the Louisiana Workmen's Compensation Act, and Young was named as a defendant only to obtain an injunction to preserve evidence. A further exception in Louisiana law permits interruption of prescription against a party not originally named as a defendant if that party is closely associated with a named party and is, or ordinarily would be, informed of the action in a legal capacity by reason of the association with the named party. Jacobs

v. Harmon, La.App.1967, 197 So.2d 704; Andrepont v. Ochsner, La.App.1955, 84 So.2d 63. Oliver's connection with the named defendants in this case was limited to its manufacture of the bolt, far less than the legal relationship necessary to interrupt prescription under Louisiana law. See also Travelers Insurance Co. v. Brown, 5 Cir. 1964, 338 F.2d 229.

3. There is some authority to the effect that Rule 15(c) cannot apply to amendments which add parties. King v. Udall, D.D.C.1967, 266 F.Supp. 747, 749. See also Anderson v. Phoenix of Hartford Ins. Co., D.C.La.1970, 320 F.Supp. 399. Arguably the effect of the amendment here was simply to add a party. But this Court has found Rule 15(c) applicable to amendments which add parties and permitted such amendments if the rule's notice requirements are met. Williams v. United States, 5 Cir. 1968, 405 F.2d 234.

**1346**

considerations weigh in favor of applying Rule 15(c) in cases such as this. The form of notice contemplated by Rule 15(c) should adequately serve the major purpose of state statutes of limitations —to ensure that defendants are given adequate notice in time to prepare a defense. See 3 J. Moore, Moore's Federal Practice ¶ 15.15[2], at 1021–22 (2d ed. 1968); 6 C. Wright & A. Miller, Federal Practice and Procedure § 1503, at 535 (1971). In addition, application of state rules as to relation back would disrupt important federal policies favoring simplification and uniformity of pleading, and liberality of amendment. 3 J. Moore, supra, at 1023–24; 6 C. Wright & A. Miller, supra, at 535–36.

The further question remains whether Oliver had notice of the sort required by Rule 15(c). Since the answer to this question does not appear from the record, the case must be remanded to the District Court for findings as to whether Oliver had notice within the meaning of Rule 15(c).

Reversed and remanded for proceedings consistent with this opinion.