Nolan J. THIBODAUX, Plaintiff-Appellant,

v.

PRUDENTIAL MINERALS EXPLORATION CORPORATION, Defendant-Appellee.

No. 73-1827

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 20, 1973.

Rehearing Denied Aug. 31, 1973.

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Wilson M. Montero, Jr., John R. Martzell, New Orleans, La., for plaintiff-appellant.

M. N. Grossel-Rossi, Michael A. Britt, New Orleans, La., for defendant-appellee.

Before BELL, GODBOLD and IN-GRAHAM, Circuit Judges.

PER CURIAM:

The appellant sued for personal injuries in July 1970, shortly before the Louisiana one-year prescriptive period had expired, but he named as defendant a company which no longer had any connection with operation of the oil rig on which plaintiff was working when injured. In September 1970, after the prescriptive period had run, the named defendant filed an answer and motion for summary judgment which stated that the company operating the well was not it but was Prudential Minerals. A few days later plaintiff filed an amended complaint naming Prudential Minerals as substituted defendant. Two years later Prudential Minerals filed a motion to dismiss on the ground the suit had prescribed.[1] At the hearing on the motion the court carefully inquired whether the "relation back" requirements of Rule 15(c) F.R.Civ.P. existed, that is, whether prior to the expiration of the prescriptive period Prudential Minerals had received such notice of the accident that it would not be prejudiced in defending and whether it knew or should have known that but for a mistake concerning identity of the proper party the action would have been brought against it. Prudential Minerals denied any such knowledge so the trial judge granted plaintiff four months in which to have discovery on these factual predicates for "relation back." See Welch v. Louisiana Power & Light Co., 466 F.2d 1344 (CA 5, 1972). So far as the record reveals plaintiff took no action to take advantage of the time allowed by the court, and plaintiff does not even claim that he did. Four and a half months later, the plaintiff having come forward with nothing to show that the necessary factual predicates existed, the court granted the motion to dismiss. On this appeal plaintiff makes the belated argument that he had filed interrogatories to Prudential Minerals in December 1971 that had never been answered and that the answer to at least one of the questions propounded would have borne directly on the facts concerning "relation back." The trouble with this is that neither in the long hibernation of this case nor in the bonus period of four months permitted by the trial judge did the plaintiff make use of remedies available for failure of a defendant to answer interrogatories. The plaintiff makes no effort to explain his inaction but merely claims that the trial court lacked power to dismiss the case so long as there were unanswered interrogatories outstanding. This argument is made even though, so far as the record reveals, the court's attention was never called to the interroga-

---

1.  Why this two-year delay occurred and why it was permitted are not revealed.

tories or to their subject matter or to any desire of plaintiff that they be answered prior to determination of whether the case had prescribed. The careful trial judge cannot be put into error at this late date by such an argument. The court went the last mile to protect plaintiff from a dismissal, but plaintiff having shown no basis for "relation back" the dismissal must be, and is, affirmed.