**Robert JOHANSEN**

v.

**E.I. DUPONT DE NEMOURS AND CO.**

**No. Civ. A. B–83–155–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 7, 1985.

Joe Blanks, Beaumont, Tex., for plaintiff.

O.J. Weber, Tom Walston, Beaumont, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

In this action, the defendant E.I. du Pont de Nemours & Co., Inc. (DuPont) seeks a summary judgment as to the action brought against it by the plaintiff Robert Johansen (Johansen). The plaintiff desires leave to re-amend his complaint to state an additional claim for relief against the defendant. For the reasons explained herein, the defendant's motion for summary judgment is granted and the plaintiff's motion for leave to file amended second amended original complaint is denied.

Johnsen alleges that he was an English oilfield worker who was working in Libya for one of the Halliburton companies when he was injured within in the course and scope of his employment. He states that on March 30, 1980, as a part of his job, he was loading a casing gun. The gun, its charge and its components are alleged to have been designed, manufactured, supplied or sold by DuPont and other parties which have been dismissed from this action. The gun apparently discharged, causing injuries to the plaintiff.

This federal action was initially filed on February 23, 1983, alleging diversity jurisdiction as against DuPont and several other parties. All defendants other than DuPont were dismissed from this action on the basis of *forum non conveniens.* In the plaintiff's original complaint, the claims for relief were negligence and products liability. On February 6, 1985, Johansen amended his complaint to assert breaches of the implied warranties of merchantability and fitness for a particular purpose as additional claims. DuPont moved for summary judgment on the basis that all of the plaintiff's claims for relief were time barred under the relevant statutes of limitation. Johansen has sought the leave of the court to further amend his complaint to add breach of express warranty as a further claim for relief. The parties have each contested the other's pending motion.

DuPont asserts that under the relevant Texas conflicts law, Texas procedural law prescribes the time in which the suit may be brought. The time allowed in a personal injury action is two years from the date of the injury. Since the actions for negligence and product liability were not brought within two years of the injury, DuPont contends that they are time barred. DuPont further states that the four-year statute of limitations provided in the Texas Uniform Commercial Code for breach of warranty actions does not save plaintiff's claim because the breach of warranty actions were not brought within four years from the time of the accident and is therefore also time barred. Additionally, DuPont states that the Texas Uniform Commercial Code does not apply because plaintiff's cause of action has no relationship to the State of Texas. Finally, the defendant claims there can be no claim for relief for breach of implied warranties since DuPont

specifically disclaimed all warranties of merchantability and fitness for a particular purpose.

Johansen responds to the defendant's motion by asserting that the laws of the United Kingdom control the time for filing suit, thereby extending the time for filing an action for negligence to three years from the date of the accident. He also claims that the Texas statute of limitations has not run because his original complaint contained language sufficient to give fair notice to the defendant of the nature and grounds of his action for breach of implied warranty. Johansen further contends that the amended complaint relates back to the date of the original complaint thereby bringing the filing of the action for breach of implied warranties within the four-year limitation period. Finally, the plaintiff states that the disclaimer of warranties made by DuPont presents genuine issues of fact which precludes summary judgment based upon the disclaimer.

This court after hearing the parties' arguments and having carefully considered the law and evidence of this case concludes that DuPont's motion for summary judgment should be granted and that Johansen's motion to file second amended original complaint should be denied.

## I. NEGLIGENCE AND PRODUCT LIABILITY

■ This court holds that the claims for relief in each of the plaintiff's various complaints which are based upon negligence and product liability are time barred. As

1. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

2. *Klaxon Company v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

3. "Whenever the death or personal injury of a citizen of this State or of the United States, or of any foreign country having equal treaty rights with the United States on behalf of its citizens, has been or may be caused by the wrongful act, neglect or default of another in any foreign state or country for which a right to maintain an action and recover damages thereof is given

there can be no award granted on these claims under the Texas statutes, summary judgment is appropriate.

It is well settled that in a federal diversity action, the law of the forum state controls the substantive law involved in the action.[1] This doctrine extends to include the forum state's conflict of laws provisions.[2] Since this action was commenced in Texas, that state's conflict of laws provisions guide this court in its decision. The Texas personal injury conflicts provision requires that Texas procedural law and the appropriate substantive law are to be applied to an out-of-state injury tried before a Texas court.[3] Statutes of limitation are generally recognized to be procedural in nature,[4] and therefore will usually come from Texas statutes when the case is heard by a state or federal court in Texas.

VERNON'S ANNOTATED TEXAS CIVIL STATUTES, Article 5526 (Art. 5526), states:

There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: ...

6. Action for injury done to the person of another.

Since there is no dispute that the injury which Johansen is suing upon occurred on March 30, 1980, and that the action was not commenced until February 23, 1983, there can be no dispute that the product liability and negligence actions are time barred under Texas procedural law.

by the statute or law or such foreign state or country or of this state, such right of action may be enforced in the courts of this state within the time prescribed for the commencement of such actions by the statutes of this state. All matters pertaining to procedure in the prosecution or maintenance of such action in the courts of this state shall be governed by the law of this state, and the court shall apply such rules of substantive law as are appropriate under the facts of the case." VERNON'S TEX.REV.CIV.STAT. art. 4678 (Art. 4678).

4. *Gaston v. B.F. Walker, Inc.,* 400 F.2d 671 (5th Cir.1968).

Johansen contends that the United Kingdom's three-year statute of limitation controls. This argument is based upon the premise that since Judge Justice dismissed the original actions against all defendants except DuPont, he implicitly and necessarily chose United Kingdom law to control this case. This presumption is unlikely in that since the accident occurred in Libya, Libya appears to be the site with the most significant relationship to the accident. Libyan law would normally be the substantive law to apply in this case.[5] If there were no cause of action under Libyan law, or if England had greater significant contacts with the accident, then the court might resort to the law of the United Kingdom. But regardless of the validity of plaintiff's assumption that Judge Justice chose to follow British substantive law the United Kingdom's statutes of limitation do not apply. British substantive law could only be applicable because of the last sentence of Art. 4678. The plaintiff states that the three-year limitation for negligence actions is incorporated into the British statute permitting a cause of action for negligence and is therefore substantive and controlling. However, even if it is assumed that the substantive law of the United Kingdom is appropriate, there has been no adequate showing as to what that law actually provides. There has been no affidavit or testimony as to the provisions of the relevant British law. This court is not prepared to take judicial notice of what the law of the United Kingdom might be. Because there has been no adequate showing of what the relevant British limitation period is, much less that it is substantive in nature, the Texas two-year limitation controls and bars the actions for negligence and products liability.

## II. IMPLIED WARRANTY

■ The Texas Uniform Commercial Code provides that a cause of action for breach of an implied warranty must be commenced within four years after the cause of action has accrued.[6] In *Garcia v. Texas Instruments, Inc.*, 610 S.W.2d 456 (Tex.1980), the Supreme Court of Texas held that a claim for a personal injury arising from a breach of an implied warranty could be brought within the four-year limitation period of this section rather than the two-year period normally set out for personal injuries. The issue presented is whether the four-year period in which to commence the suit saves the plaintiff's claim for breach of implied warranties.

Because the plaintiff's first amended original complaint was filed on February 6, 1985, the issue as to whether the two- or four-year limitation applies is moot. The breach of an implied warranty (and therefore the time of the accrual of the action) occurs at the time of the sale of the goods in question.[7] At the latest, the time of the accrual of the action would be slightly before the time of the injury. Because the amended complaint was filed almost five years after the accident, the action for the implied warranty is time barred under any relevant statute of limitation.

However, Johansen asserts that the amended complaint relates back to the time of the filing of the original complaint, thereby saving his actions for breach of warranty if the four-year limitation controls. As this argument goes, the four-year limitation period of § 2.725 would be applied back from the date of the original complaint, thereby falling within the permissable period for filing an action for breach of warranty. The applicable Texas relation back statute is VERNON'S ANNOTATED TEXAS CIVIL STATUTES, Article 5539b (Art. 5539), which in relevant part provides that as long as the original action is not subject to a plea in limitation, an amendment will not be subject to a plea in limitation. However, in the present

---

**5.** *Gutierrez v. Collins,* 583 S.W.2d 312 (Tex. 1979).

**6.** VERNON'S TEXAS CODES ANNOTATED, BUSINESS AND COMMERCE § 2.725 (§ 2.725).

**7.** *Timberlake v. A.H. Robins Co., Inc.,* 727 F.2d 1363 (5th Cir.1984).

case, the original action *was* subject to a plea of limitation, preventing the amended pleading from relating back. Under similar circumstances, the federal district court in *Powell v. Brantley Helicopters Corporation*, 396 F.Supp. 646 (E.D.Tex. 1975), held that the amended complaint did not relate back to the time of the original complaint since the claims in the original complaint were time barred.

The plaintiff attempts to salvage his claim by asserting that Federal Rule of Civil Procedure 15(c), (Rule 15[c]) provides for relation back of the amendment to the date of the original pleading despite the fact that the Texas statutes do not permit it. There are several Fifth Circuit cases holding that Rule 15(c) controls in federal diversity cases despite more restrictive state doctrines.[8] This line of decisions is supported by the Supreme Court's ruling in *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), which stated that when a federal rule actually speaks to a particular point of practice or pleading, it governs federal diversity proceedings even if the state law would yield a different result. This ruling essentially ended the *Erie R. Co. v. Tompkins, supra,* test as to procedural/substantive classification for cases where the Federal Rules of Civil Procedure is directly applicable. The outcome determination test of *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945) was limited in the same type of cases.

*Hanna v. Plumer, supra,* was clarified by the Supreme Court in *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). In this decision, the Court held that *Hanna* requires an inquiry into whether the scope of the federal rule is so large that it actually conflicts with the state law.[9] Only where there is a direct collision between the federal rule and the state law is a court required to determine whether the federal rule is within the scope of the Rules Enabling Act, 28 U.S.C. § 2072 (Enabling Act).[10] The outcome-determination test of *Erie* and *York* are to be read with reference to the aims of *Erie;* discouragement of forum-shopping and avoidance of inequitable administration of laws.[11]

Applying the analysis of *Hanna* as illuminated by *Walker*, this court is of the opinion that Rule 15(c) does not require the amended complaint to relate back to the filing of the original complaint. There is no conflict between Federal Rule 15(c) and Art. 5539b, at least in the circumstances of this case.

Rule 15(c) must be examined in context. The Federal Rules of Civil Procedure were created through Congress' delegation of authority to the Supreme Court by means of the Federal Rules Enabling Act. The Enabling Act states that the federal rules "... shall not abridge, enlarge or modify any substantive right ..."[12] In *Walker v. Armco Steel Corp., supra,* the Supreme Court required that a federal rule be tested against both the Rules Enabling Act and the Constitution.[13] The authority of a federal rule cannot be greater than the authority which gave it being.[14] A federal rule is not to be applied to the extent that it would defeat rights arising from state substantive law as distinguished from state procedure.[15] With this established, it is clear that Rule 15(c) and Art. 5539b could only conflict over procedural matters, as Rule 15(c) cannot purport to control substantive matters.

8.  *See, Skidmore v. Syntex Laboratories, Inc.*, 529 F.2d 1244 (5th Cir.1976). Ca. *Anderson v. Papillion*, 445 F.2d 841 (5th Cir.1971).

9.  *Walker v. Armco,* 446 U.S. at 749–50, 100 S.Ct. at 1984–85.

10.  *Ibid.* at 748, 100 S.Ct. at 1984.

11.  *Ibid.* at 747, 100 S.Ct. at 1983.

12.  28 U.S.C. § 2072.

13.  *Walker,* at 748, 100 S.Ct. at 1984.

14.  *See,* Wright, Miller & Cooper, *Federal Practices and Procedure: Jurisdiction* § 4509.

15.  *Marshall v. Mulrenin,* 508 F.2d 39 (1st Cir. 1974).

Under relevant state and federal case law, the statute of limitations contained within § 2.725 of the Texas U.C.C. is substantive as opposed to procedural. "Where a statute incorporates a limitation upon the time within which the suit is to be brought, the limitation qualifies the right so that it becomes a part of the substantive law rather than procedural." *State of California v. Copus*, 158 Tex. 196, 309 S.W.2d 227, 231 (1985); *Weisz v. Spindletop Oil and Gas Co.*, 664 S.W.2d 423 (Tex.App.—13 Dist. 1983); and *Cox v. McDonnell-Douglas Corp.*, 665 F.2d 566 (5th Cir.1982). Though statutes of limitation are generally classified as procedural, they are substantive when the limitation provision is itself an integral part of the statute creating the cause of action. *Gaston v. B.F. Walker, Inc., supra* at 673. There can be no doubt that the four-year limitation period is integral to the cause of action for breach of warranty, and this court so holds. Therefore, since Rule 15(c) does not apply because of limitations of the Enabling Act, Art. 5539b is the only relation back statute available to the plaintiff. Because Art. 5539b does not apply when the original claim is time barred, the implied warranty claim cannot relate back and is itself time barred.

To hold otherwise would give rise to absurd results. As stated in 51 Am.Jur.2d, *Limitations of Actions* § 15 (1970):

Although the general rule is that a true statute of limitations extinguishes only the right to enforce the remedy and not the substantive right itself, the limitation of time for commencing an action under a statute creating a new right enters into and becomes a part of the right of action itself and is a limitation not only of the remedy but of the right also; the right to recover depends upon the commencement of the action within the time limit set by the statute, and if that period of time is allowed to elapse without the institution of the action, the right of the action *is gone forever.* (Emphasis added).

See *Jamerson v. Miles*, 421 F.Supp. 107 (N.D.Tex.1976). A right of action cannot be gone forever and then be related back a few years later. To relate the warranty action back also serves to encourage an inequitable administration of laws and fails the outcome determination test to which *Hanna* still attached weight.[16]

■ Regardless of the availability of Rule 15(c), the four-year limitation of § 2.725 is inapplicable in the case at bar. As previously noted, the Texas conflict of laws provisions govern this court's application of law. Art. 4678 states that a Texas court will apply its own procedural law and the appropriate substantive law. Under the laws of the State of Texas, the statute of limitations in the Texas U.C.C. is substantive and therefore will not apply where the injury occurs in a foreign state or country.[17] Because the § 2.725 statute of limitations is substantive in nature, it will not be applied as an Art. 4678 procedural matter, and the "time prescribed for commencement" of the action is not the four-year limitation of § 2.725 but the two-year period of Art. 5526. Therefore, even if the doctrine of relation back applied, plaintiff would be no better off.

■ Johansen falls back to the position that his original complaint was sufficient to charge DuPont with a breach of implied warranties. The pleadings of the case do not support this contention. According to the plaintiff's original complaint, the lawsuit was "brought to recover for injuries suffered by the plaintiff." The proximate cause of the accident was stated to be the negligence of the defendants. Alternatively, the gun or its components were defective and/or unreasonably dangerous, which was stated to be a producing cause of the incident.

The plaintiff relies on Federal Rule 8 in his attempt to include a breach of implied warranties in his original complaint. There is no doubt that the original complaint set out claims for relief as to the negligence

---

**16.** *Hanna v. Plumer, supra,* 380 U.S. at 473, 85 S.Ct. at 1145.

**17.** *See* note 5.

and products liability charges. The issue is whether Johansen set forth a claim for relief for the alleged breach of implied warranties. Even under the broad provision of Federal Rule 8, it cannot be held that the plaintiff met this burden. In *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), the U.S. Supreme Court held that the Federal Rules require a short, plain statement of the claim that gives the defendant fair notice as to what the claim is and the grounds upon which it rests. In the present action the original complaint did not give the required notice. The entire complaint was worded in terms of negligence and product liability. Not only were these causes of action specifically named, but the necessary elements of each were set out. However, there was no mention of *any* warranty, implied or expressed. The only elements of an action for breach of implied warranties alleged were those which were necessary to prove one of the other specified causes of action. Allegations that the defendant manufactured and sold a dangerous or defective product and that the plaintiff was injured while using the product were not sufficent to alert the defendant that the plaintiff was asserting a claim for relief for a breach of implied warranties.

Substantial justice does not require that the court discover unstated claims for relief simply because the stated claims are barred. Further, it does not require that the defendant take notice of claims which the plaintiff does not assert. It does, however, require that pleadings give some meaningful notice as to the claims involved. Since the original complaint did not give the required minimal notice on the breach of implied warranties claim, substantial justice requires that this court hold that no such claim arose until the plaintiff filed his amended complaint.

The court having found that the four-year limitation of § 2.725 does not save the cause of action for breach of implied warranties, it is not necessary to examine the defendant's contentions that the Texas U.C.C. does not apply because Texas had no relationship to the incident and that all warranties were effectively disclaimed. DuPont's motion for summary judgment is granted as to this claim for relief on the basis that it is time barred.

### III. EXPRESS WARRANTY

In his motion to file amended second amended original complaint, Johansen wishes to assert breach of express warranty as an additional claim for relief. For the same reasons that the actions for implied warranties were not timely acted upon, an action for express warranty would not be timely. Because all actions based upon breach of warranties are time barred, the plaintiff's motion to re-amend his complaint is denied.

Accordingly, this court grants the defendant's motion for summary judgment and denies the plaintiff's motion to file amended second amended original complaint. Having so ruled, this case is dismissed as there are no causes of action before the court.

IT IS SO ORDERED.