**Robert JOHANSEN, Plaintiff-Appellant,**

v.

**E.I. DU PONT DE NEMOURS & CO., Defendant-Appellee.**

No. 85–2835.

United States Court of Appeals, Fifth Circuit.

March 2, 1987.

Joseph C. Blanks, Beaumont, Tex., for plaintiff-appellant.

Thomas H. Walston, O.J. Weber, Robert A. Black, Beaumont, Tex., for defendant-appellee.

Before GARZA, DAVIS, and JONES, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Robert Johansen appeals from the district court's grant of summary judgment in favor of E.I. Du Pont de Nemours & Co. We affirm in part, vacate in part and remand.

## I.

Robert Johansen, a citizen of the United Kingdom, was injured in Libya in March 1980, when an oil well casing gun he was assembling exploded. Almost three years after the accident, Johansen filed this action against E.I. Du Pont de Nemours & Co. (Du Pont) and eight others. All defendants other than Du Pont were dismissed on the basis of *forum non conve-*

*niens.* No appeal was taken from these dismissals.

Johansen asserted a products liability claim against Du Pont. He alleged in his original petition that the casing gun exploded because of a malfunction in the tool's primary explosive that was manufactured by Du Pont; he predicated his claim on both negligence and strict products liability. Two years after Johansen filed suit and almost five years after his injury, the district court permitted Johansen to amend his complaint to assert breaches of implied warranty of merchantability and fitness. Du Pont moved for summary judgment on grounds that the Texas two year limitations period for personal injury actions barred the action.

In its memorandum opinion, 627 F.Supp. 968 (E.D.Tex.1985), the district court concluded that Johansen's claims predicated on negligence and strict products liability were barred by the Texas two year statute of limitations. Tex.Rev.Civ.Stat.Ann. art. 5526 (Article 5526).[1] *Id.* at 970. See (Vernon 1958) (hereinafter referred to as Article 5526). The district court held that Johansen's original complaint did not sufficiently assert his breach of implied warranty claims. *Id.* at 973–74. The district court also held that under Texas Revised Civil Statute article 5539b,[2] the Texas relation back statute, Johansen's amended complaint could not relate back to his original complaint because the claim asserted in that complaint was time-barred. 627 F.Supp. 973. The district court also concluded that even if the federal relation back provisions of Rule 15(c), F.R.C.P., applied, Johansen's implied warranty claims were still prescibed.

*Id.* Finally, the disctrict court denied Johansen's motion for leave to amend his complaint to assert a breach of express warranty claim because it determined that such a claim would be prescribed for the same reasons the implied warranty claims were time-barred. *Id.* at 974.

On appeal, Johansen does not dispute that the negligence and strict liability claims he asserted in his original complaint are prescribed. He asserts, however, that his original complaint sufficiently stated a claim for breach of implied warranty so that this claim was timely asserted under the four year statute of limitations provided in the Texas Uniform Commercial Code (UCC) for such claims.[3] Alternatively, he argues that under Rule 15(c), F.R.C.P., the filing of his amended complaint in February 1985, concededly outside the four-year period, relates back to the filing date of his original complaint and is not time barred under the Texas UCC. Finally, Johansen argues that the district court erred in denying his motion for leave to amend his complaint to include an express warranty claim because the express warranty claim is not time barred as found by the district court.

## II.

### A.

It is unnecessary to consider Johansen's contention that he stated a breach of implied warranty claim in his original complaint, because, for reasons that follow, we conclude that his amendment specifically asserting this claim relates back to his original petition.

---

1. Article 5526 was repealed in 1985 and a substantially identical provision is now found at Texas Civil Practice and Remedies Code § 16.003(a) (Vernon 1986).

2. Tex.Rev.Civ.Stat.Ann. art. 5539b (Vernon 1958) (hereinafter referred to as Art. 5539b). Article 5539b was repealed in 1985. This provision is now codified at Texas Civil Practice and Remedies Code § 16.068 (Vernon 1986). Section 16.068, which is substantially similar to Article 5539b, provides:

   If a pleading relates to a cause of action, ... that *is not subject to a plea of limitation when* *the pleading is filed,* a subsequent amendment ... that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment ... is wholly based on a new, distinct, or different transaction or occurrence.

   *Id.* (emphasis added).

3. The provision reads in part as follows: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued...." Tex.Bus.Comm. Code § 2.725 (Vernon 1968) (hereinafter referred to as section 2.725).

Johansen contends that the federal relation back rule applies in this case rather than the Texas rule that was applied by the district court. Rule 15(c), F.R.C.P., provides: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

■■■ When a federal rule of civil procedure specifically covers a particular situation, a federal diversity court is required to apply the federal rule unless application of the federal rule violates the Enabling Act or the Constitution. *Hanna v. Plumer*, 380 U.S. 460, 470, 85 S.Ct. 1136, 1143, 14 L.Ed.2d 8 (1965). *See also* 3 J. Moore, *Moore's Federal Practice* ¶ 15.15[2], at 15–144 (2d Ed.1985). Rule 15(c) is a truly procedural rule because it governs the in-court dispute resolution processes rather than the dispute that brought the parties into court; consequently, it does not transgress the Rules Enabling Act. Furthermore, it is undisputed that Congress has the constitutional power to enact Rule 15(c) governing federal court practice.

*Welch v. Louisiana Power & Light Co.*, 466 F.2d 1344 (5th Cir.1972), is closely analogous to the facts presented in the instant case. In *Welch*, the amendment the plaintiff sought to make would not relate back under Louisiana law; therefore, if Louisiana law governed, plaintiff's action was barred by the applicable Louisiana prescriptive period. We held that relation back was governed by federal and not state law because there is a "strong presumption that the federal rules govern, rather than state law, in cases involving arguably procedural matters." *Id.* at 1345.

■■■ Therefore, we conclude that Rule 15(c), the federal relation back rule, applies and the district court erred in applying the Texas relation back rule.

■■■ Rule 15(c) requires a federal diversity court to allow the amendment to relate back to the date of the original filing if the amended pleading arose out of the "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading...." Johansen's claims predicated on breach of implied and express warranty arise out of the same accident on which he asserted a strict products liability claim in his original petition. The claims alleged in the amendments therefore arise out of the same transaction or occurrence as Johansen's products claims. Consequently, under Rule 15(c), the amendments relate back to the original petition. *Williams v. United States*, 405 F.2d 234, 237 (5th Cir.1968); *United States v. Johnson*, 288 F.2d 40, 42 (5th Cir.1961). *See also* 3 J. Moore, *Moore's Federal Practice*, ¶ 15.15[3], at 15–151 (2d Ed.1985).

**B.**

We now turn to the district court's alternate ruling, that even if the amendments relate back to the original petition, Johansen's breach of implied and express warranty claims are prescribed under the Texas two-year limitations provision.

*Erie* principles require federal diversity courts to apply the conflict of laws provisions of the forum state. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Texas law provides that an action for personal injury occurring outside the state and tried in a Texas court must be brought within the time provided by Texas law. Tex.Rev.Civ. Stat.Ann. art. 4678 (Vernon 1975) (hereinafter referred to as Article 4678).[4] Procedural questions are governed by Texas law and the substantive law appropriate under the facts of the case must be applied. *Id.*

Applying Article 4678, the district court reasoned that only Texas procedural law applies; the court concluded that because Texas UCC section 2.725, which provides the limitations period for the UCC remedies of breach of implied and express warranties, was substantive rather than procedur-

---

**4.** Article 4678 was repealed in 1985 and a substantially identical provision is now found at Texas Civil Practice and Remedies Code § 71.-031 (Vernon 1986).

al it was inapplicable. Based on this reasoning, the district court held that the Texas two year prescriptive period provided by Article 5526 was the Texas procedural rule that governed this action. 627 F.Supp. at 973.

We disagree with the district court's conclusion that the four year limitations period provided in Texas UCC section 2.725 is substantive rather than procedural. As a general proposition, statutes of limitation are regarded as procedural. *Gaston v. B.F. Walker, Inc.,* 400 F.2d 671, 673 (5th Cir.1968); 3 W. Hawkland, *Uniform Commercial Code Series* § 2–725:01, at 477 (1982). Texas courts consider a limitations period substantive in a particular circumstance: when the statute that creates a right not existing at common law also incorporates a limitation upon the time within which a suit is to be brought to enforce that right. *State of California v. Copus,* 158 Tex. 196, 309 S.W.2d 227, 231, *cert. denied,* 356 U.S. 967, 78 S.Ct. 1006, 2 L.Ed.2d 1074 (1958). In such an instance, the "limitation qualifies the right so that it becomes a part of the substantive law rather than procedural...." 158 Tex. at 201, 309 S.W.2d at 231.

The UCC provisions pertaining to implied and express warranties do not create new rights not existing at common law. A cause of action predicated on the implied warranty of merchantable quality was developed at English common law. Prosser, *The Implied Warranty of Merchantable Quality,* 27 Minn.L.Rev. 117–18 (1943). Before Texas adopted the UCC in 1968, its courts recognized a cause of action for breach of an implied warranty of product quality. *See, e.g., Jacob E. Decker & Sons, Inc. v. Capps,* 139 Tex. 609, 164 S.W.2d 828 (1942); *McKisson v. Sales Affiliates, Inc.,* 416 S.W.2d 787 (Tex.1967).

Similarly, the action for breach of an express warranty relating to the quality of goods was also present at common law and in pre-UCC Texas decisions. *See* T.F. Plucknett, *A Concise History of the Common Law* 641 (5th ed. 1956); Prosser, supra, at 119–20; *Donelson v. Fairmont Foods Co.,* 252 S.W.2d 796 (Tex.Civ.App. 1952, *writ ref'd n.r.e.); Seale v. Schultz,* 3 S.W.2d 563 (Tex.Civ.App.1927, no writ).

■ Thus, the actions for breach of implied and express warranties were recognized at common law and by Texas courts before Texas adopted the UCC. Therefore, section 2.725, the limitation period for the UCC remedies for breach of implied and express warranties, is procedural rather than substantive.

■ The district court, on remand, must determine what jurisdiction's law will govern the substantive legal issues presented.[5] If that jurisdiction recognizes a distinct cause of action for breach of implied and express warranties, and if that jurisdiction's limitations period is not considered substantive, the four-year period provided by Texas UCC § 2.725 is the controlling limitations period for those actions. *Garcia v. Texas Instruments, Inc.,* 610 S.W.2d 456 (Tex.1980). But, if that jurisdiction's limitations period is considered substantive, that provision will govern. *See Copus,* 158 Tex. 196, 309 S.W.2d 227, *cert. denied,* 356 U.S. 967, 78 S.Ct. 1006, 2 L.Ed.2d 1074 (1958). Because the amended complaints relate back to the original complaint, the implied and express warranty claims are not time barred under section 2.725.

**CONCLUSION**

We affirm the district court's dismissal of Johansen's negligence and strict products liability claims. We conclude, however, that we must vacate the district court's orders granting summary judgment on Johansen's implied warranty claims and

---

5. Texas has adopted the position of the Restatement of Conflicts in resolving all choice of law questions. *Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414, 421 (Tex.1984); *Gutierrez v. Collins,* 583 S.W.2d 312, 318 (Tex.1979). The law of the jurisdiction with the most significant relationship to the facts surrounding the relevant issue to be decided must be applied. *Duncan,* 665 S.W.2d at 421; *Gutierrez,* 583 S.W.2d at 318–19. *See generally Restatement (Second) Conflict of Laws* §§ 6, 145 and 188 (1971).

denying Johansen's motion to amend his complaint to assert an express warranty claim because the record does not demonstrate that Johansen's implied or express warranty claims are time barred.

On remand, the district court should determine whether the applicable substantive law will permit Johansen to assert distinct claims predicated on implied and express warranties; if so, the district court will apply the four-year limitation period in section 2.725 unless the foreign limitations period applicable to such claims is determined to be substantive law.

Accordingly, the judgment of the district court is affirmed in part, vacated in part and remanded for further proceedings consistent with this opinion.

AFFIRMED in part, VACATED in part and REMANDED.