**Ken FRUGE**

v.

**CONOCO, INC., et al.**

**Civ. A. No. 86–0430–LC.**

United States District Court,
W.D. Louisiana,
Lake Charles Division.

Feb. 24, 1988.

Maurice L. Tynes, Lake Charles, La., for plaintiff.

David R. Frohn, Carmouche, Gray & Hoffman, Lake Charles, La., for defendant Brown–Minneapolis Tank & Fabricating Co.

Richard A. Chozen, Raggio, Cappel, Chozen & Berniard, Lake Charles, La., for KCS Industrial Svcs., Inc.

William L. McLeod, Jr., McLeod, Little, Hopkins & Lloyd, Lake Charles, La., for intervenors KCS Ind. Svcs., Inc. and LA Employers' Safety Assoc. Self–Insurers' Fund.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

VERON, District Judge.

The defendant, Brown–Minneapolis Tank and Fabricating Company (BMT) has filed for summary judgment on the ground that amendment of the complaint to name it as a party defendant was untimely to toll the statute of limitations. United States Magistrate James T. Trimble has filed a Report and Recommendation in regard to the motion, and has recommended that the motion be denied due to ambiguities in the record leaving an issue of material fact as to whether BMT was on notice at a time and in a fashion allowing the amendment to relate back to the original filing date. BMT has timely filed its objection to the Findings and Recommendations of the Magistrate in accordance with 28 U.S.C. § 636(b)(1)(C).

### BACKGROUND

The plaintiff, Ken Fruge, allegedly suffered injuries on January 29, 1985. Under the law of Louisiana where this controversy is centered, tort claims are barred as untimely unless filed within one year of the occurrence. Shortly before the anniversary of the accident, on January 24, 1986, the plaintiff filed suit in state court naming as defendants Conoco, Inc. (Conoco) and two contracting companies under the fictitious names of "ABC Corporation" and "XYZ Corporation."

On February 6, 1987 Conoco filed a third party complaint against BMT and on December 1, 1987 the plaintiff amended his complaint deleting the names of the two fictitious corporations and substituting the proper name of BMT. BMT was neither named, as such, nor served before the anniversary of the accident. On January 4, 1987 summary judgment was granted in favor of Conoco based on uncontroverted evidence that it exercised no control over the independent contractors alleged to be liable.

The issue of material fact cited by the Magistrate in recommending denial of the present motion is whether or not BMT became aware of the suit as of its filing on January 24, 1986 or immediately thereafter. The Magistrate based his recommendation on BMT's answer to one of the plaintiff's interrogatories which can be seen as an admission that BMT became

aware of the suit upon its being filed, *i.e.,* possibly before the anniversary of the accident. The answer states: "No one at Brown–Minneapolis knew of the accident made the subject of this matter until the suit was filed."

BMT asserts in its objection that the quoted answer is misconstrued, and that in fact BMT can offer proof that it had no notice of the suit until contacted by Conoco on June 12, 1986, some four and a half months after the anniversary of the alleged tort. BMT requests a hearing on the Motion for Summary Judgment so that evidence can be introduced to establish the date of BMT's first notice.

## ANALYSIS

Fed.R.Civ.Proc. 15(c) provides in pertinent part:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied *and, within the period provided by law for commencing the action against the party to be brought in by amendment* that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

(emphasis supplied). Thus, under the most straightforward application of the rule, given that the claim asserted originally against Conoco is essentially the same as that against BMT, the amended complaint relates back if BMT learned of the suit, and its own probable or potential role therein, on or before January 29, 1986 or such slightly later date as may be applicable under Louisiana law governing the computation of time. This court is of the opinion that before a full-blown trial is held in this matter, or conversely, before summary judgment is granted, both parties deserve an opportunity to put to rest any factual dispute relative to the prescription issue. If the plaintiff can show that BMT knew of the suit before the anniversary of the tort, the case should be tried on its merits.

However if on the other hand the defendant did not know of the suit until after the passing of one year commencing on the accident date, a ruling that the action is time-barred is not automatic. Although federal courts apply Rule 15(c) to allow an amendment to relate back where state law would have prevented it, *see, Welch v. Louisiana Power & Light Company,* 466 F.2d 1344 (5th Cir.1972), the converse is not necessarily true because to do so could run afoul of the mandate of the Rules Enabling Act, 28 U.S.C. § 2072, that state-given substantive rights not be modified by the Rules. Thus, "[w]hen the federal courts borrow a state statute of limitations to decide a federal cause, the entire state limitations law, including its tolling provisions, is generally applied." *Williams v. United States,* 353 F.Supp. 1226, 1231 (E.D.La. 1973). In that case, an action under 42 U.S.C. § 1983 was timely against a late-named party who would have been solidarily liable with a timely-named party under Louisiana law. Chief Judge Heebe writing for the court saw no conflict between the Louisiana law of solidary obligations as it relates to the running of prescription and Rule 15(c). This court agrees, because if filing against one solidary obligor interrupts as to all solidary obligors, then the subsequent naming of an additional solidary obligor will be "within the period provided by law for commencing the action against the party to be brought in by amendment" as required by Rule 15(c).

Commentator Charles Alan Wright does view Rule 15(c) as being in conflict with certain state laws allowing more liberal relation back than the language of the rule would seem to admit. *See,* C. Wright, *Law of Federal Courts,* § 59, pp. 383–85 (1983). He opines, however, that in *Erie* cases such as the present one the state policy allowing relation back should prevail, because this "would honor the state's policy decision

**618**

that a potential defendant's sense of repose is not so important as to prevent resolution on the merits of state causes of action simply because of an excusable mistake in the denomination of a defendant." C. Wright, *supra,* pp. 384–85.

 Another feature of diversity cases is that "state law principles of collateral estoppel govern, under the rationale of *Erie Railway Co. v. Tompkins." Maher v. City of New Orleans,* 516 F.2d 1051, 1056 (5th Cir.1975), *cert. denied,* 426 U.S. 905, 96 S.Ct. 2225, 48 L.Ed.2d 830 (1976) (footnote omitted). This rule ties in with the prescription issue in the present case because in *Vicknair v. Hibernia Building Corp.,* 479 So.2d 904 (La.1985) the Supreme Court of Louisiana held that the liability of a timely-named defendant who was released on summary judgment can be relitigated against a late-named defendant in order to determine whether solidary liability existed for prescription purposes. Accordingly, the plaintiff herein may preserve his claim for adjudication on the merits even failing to show notice to BMT within a year of the accident if in the alternative he can present new evidence of Conoco's liability so that the original complaint interrupted prescription against alleged solidary obligors such as BMT.

Viewing the sworn statements and certified evidence now before the court, I agree with the Magistrate that an issue of material fact exists. At the same time, the defendant's request for an opportunity to submit more evidence is well taken. Since a ruling that the limitation defense is good would end the case for this defendant, the interests of efficiency and fairness would be served if the defense could be ruled on as a preliminary matter. However, the consideration of additional affidavits probably would not serve those interests, but only postpone trial of the prescription issue. On the other hand, a separate trial of the prescription issues as delineated herein would, because of its relative conclusiveness, serve the "furtherance or convenience ... expedition and economy." Fed. R.Civ.Proc. 42(b).

Accordingly,

IT IS ORDERED that the motion of the defendant, Brown–Minneapolis Tank and Fabricating Company, for Summary Judgment is hereby DENIED.

IT IS FURTHER ORDERED that this matter be specially fixed for a separate trial of the issue of prescription as relates to the defendant Brown–Minneapolis Tank and Fabricating Company.