Herman NEWELL, et al.

v.

Raymond HARRISON, et al.

Civ. A. No. 90-1784.

United States District Court,
E.D. Louisiana.

Dec. 30, 1991.

David V. Batt, David Ira Bordelon, Lobman, Carnahan & Batt, Metairie, La., for plaintiffs.

Edward D. Markle, Matthew Kepner Brown, Barham & Markle, New Orleans, La., for defendants.

## MEMORANDUM AND ORDER

SEAR, District Judge.

### BACKGROUND

On April 6, 1990, Herman Newell was injured when he and his motorcycle abruptly collided with an eighteen wheel tractor-trailer driven by Raymond Harrison. Herman Newell's spouse, Lynn Piediscalzo Newell, did not find out about her husband's accident or his injuries until she returned home from work that evening when, while lying in bed, her husband informed her that he had an accident with his motorcycle.[1]

Herman Newell filed a diversity suit[2] against Raymond Harrison, Harrison's employer, Builders Transport, Inc., and the indemnifying insurer, Palmer Cayl Carswell, Inc. on May 17, 1990, seeking recovery for personal injuries and property damage.[3] More than a year after the accident, on April 25, 1991, Herman Newell underwent surgery on his injured knee. Five days later, on April 30, 1991, plaintiff moved for leave to file a second supplemental complaint which would amend the original complaint to add his spouse, Lynn Piediscalzo Newell, as an additional plaintiff party to the suit and which would add new causes of action, namely, Ms. Newell's personal claims against defendants. The motion was granted by Magistrate Judge Wynne on May 22, 1991.

### ANALYSIS

As the additional plaintiff party, Ms. Newell asserts loss of consortium, society, services, and companionship arising from her husband's accident on April 6, 1990. Additionally, she seeks recovery for mental

---

1. Deposition of Ms. Newell at 22-23.

2. Jurisdiction arises pursuant to 28 U.S.C. § 1332.

3. Plaintiff's Complaint. Herman Newell was the only plaintiff named in his original complaint.

pain and anguish associated with her husband's accident and resulting physical state.[4]

Defendants move for dismissal, or in the alternative, for summary judgment, on all of Ms. Newell's claims. Defendants contend that Ms. Newell's claims have prescribed under La.Civ.Code art. 3492, which provides that delictual actions are subject to a liberative prescriptive period of one year. Defendants contend that prescription commenced running from the day Ms. Newell sustained her alleged injuries, that is, the date of the accident, April 6, 1990. Therefore, Ms. Newell's claims had prescribed by the time she filed suit on April 30, 1991. Alternatively, defendants contend that Ms. Newell cannot assert a claim for mental pain and anguish under Louisiana law. As such, defendants seek dismissal of this claim.

Ms. Newell contends that her claims have not prescribed and that defendants misinterpret the law applicable to claims of mental pain and anguish. First, she contends that it was not until after the surgery aggravated her husband's injuries could she make a good faith claim for loss of consortium, since it was not until after April 25, 1991, that she discovered the extent of her loss of consortium. Therefore, she contends the prescriptive period began only five days prior to filing the amended complaint.

Second, she contends that, under Louisiana jurisprudence, her claims in the amended complaint should relate back to the filing date of her husband's claim because defendants had constructive notice of her outstanding claims. Plaintiff relies on La. Civ.Code Proc. art. 1153,[5] which is similar to the first sentence of Rule 15(c) of the Federal Rules of Civil Procedure. Plaintiff claims that because her husband testified at his deposition March 28, 1991, in the presence of defendants, that Ms. Newell came home and discovered him injured and that subsequently his injuries affected his relationship with his wife and family, defendants had notice prior to April 6, 1991, that Lynn Newell would assert her claims against defendants. Plaintiff argues that because defendants had notice of her intent to sue within one year of the accident, her claims are not barred.

Finally, plaintiff insists that a genuine issue of fact and law exists regarding her claim of mental pain and anguish. Accordingly, plaintiff argues that defendants' motion to dismiss this claim, or in the alternative, for summary judgment, should be denied.

Before considering defendants' motion, I must first decide whether Rule 15(c) allows plaintiff Herman Newell to amend his complaint to add his spouse and her claims against defendants.

Prior to the 1966 amendment of the Federal Rules of Civil Procedure, Rule 15(c) consisted only of what is now its first sentence: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set fourth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." In interpreting this language, some jurisdictions did not allow an amended pleading changing or adding a defendant party because such amendments were considered more like "the commencement of a new proceeding."[6] Thus, in certain cases, substantial injustice fell upon plaintiffs because a minor error, misnomer, misdescription, or mistake, discovered only after prescription had run, barred plaintiffs from asserting meritorious claims. To prevent such injustice, Rule 15(c) was amended in 1966 by adding a second sentence that defines when an amendment changing the defendant against whom a claim is asserted

---

4. Plaintiffs' second supplemental pleading.

5. La.Code Civ.Proc. art. 1153. Amendment relates back:

When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

6. *Cohn v. Federal Security Adm.*, 199 F.Supp. 884, 885 (W.D.N.Y.1961).

can relate back to the date of the original pleading.[7]

Noticeably absent from the 1966 amendment to Rule 15(c) is a provision for relation back of supplemental complaints adding plaintiffs to the original complaint. Because a literal reading of the second sentence of Rule 15(c) would not permit a party to substitute or add plaintiffs, Herman and Lynn Newell may have used the wrong procedure for asserting her claims against defendants.

■ Plaintiffs rely on Louisiana case law interpreting its own procedural statute, La. Code Civ.Proc. art. 1153, to support their argument that an additional plaintiff's claims can be asserted by amending the original complaint and that these claims should relate back pursuant to Rule 15(c).[8] However, plaintiffs' reliance on Louisiana law and jurisprudence bears no weight under the circumstances here. "When a federal rule of civil procedure specifically covers a particular situation, a federal diversity court is required to apply the federal rule unless application of the federal rule violates the Enabling Act or the Constitution."[9] The Fifth Circuit has held that because Rule 15(c) does not violate the principles of federalism,[10] in diversity cases Rule 15(c) governs whether an amended pleading relates back to the filing date of the original complaint.[11] Federal jurisprudence governs how Rule 15(c) should be applied in this action.[12]

■ Although a literal reading of Rule 15(c) lacks any indication that it permits a party to amend its original complaint to add or change plaintiffs, the Advisory Committee Notes on the 1966 amendments to Rule 15(c) hint that such a procedure is possible. The Committee states that "[t]he relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier," and "the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs."[13] The federal circuit courts incorporation of this comment into their jurisprudence has resulted in mixed holdings.[14] A majority of federal courts

7. The relevant portion of Rule 15(c) states:
An amendment changing the party against whom a claim is asserted relates back if ... within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

8. *See Giroir v. South Louisiana Medical Center, etc.,* 475 So.2d 1040 (La.1985); *Raziano v. Lincoln Property Co.,* 520 So.2d 1213 (La.App. 5th Cir.1988).

9. *Johansen v. E.I. Du Pont De Nemours & Co.,* 810 F.2d 1377, 1380 (5th Cir.1987).

10. *Johansen,* 810 F.2d at 1380. *See also Welch v. L.P. & L.,* 466 F.2d 1344, 1345 (5th Cir.1972) (Rule 15(c) controlling even if application of comparable state law would produce a different result).

11. *Hensgens v. Deere & Co.,* 869 F.2d 879, 880 (5th Cir.1989).

12. Once again, rule 15(c) was amended. It now reads as follows:

(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading *when*
*(1) relation back is permitted by the law that provides the statute of limitations applicable to the action,....* [*McDermott International, Inc. v. Wilander,* — U.S. —] 111 S.Ct. [807] 816 [112 L.Ed.2d 866 (1991) ] (emphasis added).
The new rule became effective December 1, 1991, and "shall govern all proceedings in civil actions thereafter commenced and, insofar as just and practicable, all proceedings in civil actions then pending." *Id.* 111 S.Ct. at 813 (emphasis added).
Since this action was pending on December 1, 1991, plaintiffs' argument that Louisiana's more liberal relation back doctrine applies to this "pending" action may have some merit. The issue however is not whether the amendment relates back but whether a party may, pursuant to Rule 15(c), amend his complaint to add an additional *plaintiff* and that plaintiff's different causes of action.

13. Advisory Committee's Notes on Fed.Rule Civ. Proc. 15.

14. *See* Annotation, *Amendment of Pleading to Add, Substitute, or Change Capacity of, Party Plaintiff as Relating Back to Date of Original Pleading, Under Rule 15(c) of Federal Rules of*

hold that an amendment adding plaintiffs who assert the same claim or substituting plaintiffs may relate back.[15] Most recognize that, where a plaintiff seeks to amend a complaint to change the capacity in which plaintiff is bringing suit, such an amendment may relate back.[16] These courts consider adequacy of notice given to defendant, prejudice to defendant, and the identity of interests between original and new plaintiffs relevant.[17] The United States Supreme Court has yet to address this issue.

Ever since the Fifth Circuit first addressed the issue of whether a party may amend its complaint to change or add plaintiffs,[18] courts in this jurisdiction have liberally allowed such amendments to relate back under Rule 15(c) "if no disadvantage would accrue to the opposing party."[19] In *Williams v. United States*, the Fifth Circuit held that a mother, who as next friend of her minor son brought an action against the government, was allowed to amend the original complaint to sue in her capacity as parent and to include her own personal claims. In *Williams* and elsewhere in the Fifth Circuit, courts have discussed whether opposing parties received notice pursuant to Rule 15(c), but no court has analyzed whether amendments adding new parties with new claims are procedurally proper under Rule 15(c) despite the Advisory Committee comment.[20]

The Federal Rules of Civil Procedure provide a plaintiff such as Ms. Newell with a myriad of procedurally proper avenues to bring her claims against the defendants. Ms. Newell could have filed her claims jointly with her husband. She was free to file her claims against defendants independently from her husband's claims. Rule 21 provides that parties may be added by order of the court on motion of any party or of the court's own initiative. Finally, she may have sought to intervene in her husband's suit by permission pursuant to Rule 24.

Moreover, the second sentence of Rule 15(c) pertains only to changing or adding defendants. In light of *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), in which the United States Supreme Court applied a "plain language" approach in interpreting Rule 15(c), there is no reason not to adhere to a plain language interpretation of Rule 15(c) in this case. In plain language, it does not state that a plaintiff can amend a complaint

*Civil Procedure, so as to Avoid Bar of Limitations*, 12 A.L.R.Fed. 233 (1972 and Supp.1990).

**15.** *Id.* § 4 (citing courts in the Second, Third, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth and D.C. Circuits). *But see Employees Savings Plan of Mobil Oil Corp. v. Vickery*, 99 F.R.D. 138 (S.D.N.Y.1983) (permitting the ERISA plans, plaintiffs in this interpleader action, to amend its complaint to add the plan fiduciary) and *Newman v. Freeman*, 262 F.Supp. 106 (E.D.Penn.1966) (permitting father of minor, plaintiff, to amend complaint to add his own claims and holding that the amendment relates back to the date of original filing).

**16.** *Id.* § 5 (citing cases from the Second, Third, Fourth, Fifth, Seventh, Eighth and Ninth Circuits).

**17.** *Id.* § 7.

**18.** *Williams v. United States*, 405 F.2d 234 (5th Cir.1968).

**19.** *Id.* at 236.

**20.** *See Bergeron v. Celotex Corp.*, 766 F.Supp. 518 (E.D.La.1991) (holding that complaint could not be amended to add decedent's daughter as plaintiff after prescription had run); *LeMasters v. K-Mart Inc.*, 712 F.Supp. 518 (E.D.La.1989) (assuming the validity of the amended complaint, but holding that newly added wife's claim of loss of consortium was barred by prescription); *Pappion v. Dow Chemical Co.*, 627 F.Supp. 1576 (W.D.La.1986) (holding that adding new plaintiffs barred by statute of limitations).

Judge Schwartz mentioned in *Bergeron v. Celotex Corp.*, 766 F.Supp. at 521, that "Rule 15(c) does *not* specifically address the relation back of an amendment to the pleadings adding a new party plaintiff. Rather the Rule addresses 'an amendment changing the *party against whom a claim is asserted*,' i.e., changing or substituting defendants." (emphasis in original). Although Judge Schwartz does not address the propriety of analogizing the text of Rule 15(c) to amendments adding or changing plaintiffs, he does state that the obvious purpose of Rule 15(c) is "to protect parties who are not named in the original complaint from prejudice that may arise when '*they are subsequently brought in by amendment.*' " *Id.* (emphasis in original) (quoting *Schiavone v. Fortune*, 477 U.S. 21, 35, 106 S.Ct. 2379, 2385, 91 L.Ed.2d 18 (1986) (Stevens, J., dissenting)).

to add or change plaintiffs.[21] Therefore, I conclude that Rule 15(c) was not intended for a party to amend its pleadings to add or change party plaintiffs, particularly when there exists other, more procedurally proper avenues for parties to assert their claims.

Accordingly,

Defendant's Motion to Dismiss Lynn Newell's claims is GRANTED.

---

**21.** In *Schiavone v. Fortune,* the Supreme Court stated the Advisory Committee's comments concerning the validity and meaning of Rule 15(c) is of weight. 477 U.S. 21, 106 S.Ct. 2379, 2385, 91 L.Ed.2d 18 (1986). Nonetheless, the Court also stated that it accepts Rule 15(c) "as meaning what it says." *Id.* 106 S.Ct. at 2384.