Andrew Daniel KREMPP, etc., et al.,
Plaintiffs-Appellants,

v.

Gary DOBBS, Esquire, et al.,
Defendants-Appellees.

No. 85–1088
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 8, 1985.

**1320**

James L. Leonard, Jr., Dallas, Tex., for plaintiffs-appellants.

Jim Mattox, Atty. Gen., Ann Kraatz, Asst. Atty. Gen., Austin, Tex., for Ashley, Nelson, State Com'n & Griffin.

Lonny D. Morrison, Wichita Falls, Tex., for Melissa Hogan and Howard L. Martin.

Harold Lerew, James A. Rasmussen, Harold Lerew, Wichita Falls, Tex., for Jim Hogan, Louise MacLin & Wayne Wiggins.

Jack Banner, Wichita Falls, Tex., for Gary Dobbs & Firm of Banner, McIntosh & Dobbs.

Gary Dobbs, Wichita Falls, Tex., for Ann McClure, Kenneth McClure & Andrew Krempp.

Jerry L. Zunker, Steven M. Smott, Gen. Counsel, Austin, Tex., for State Bar of Texas.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

## OPINION

POLITZ, Circuit Judge:

Plaintiffs appeal the district court's dismissal of their complaint under Fed.R. Civ.P. 12(b)(1) and 12(b)(6). Finding no merit whatsoever in any assigned error, we affirm.

Michael Krempp, individually and on behalf of his minor son, parents, and present wife, filed suit against an array of defendants, invoking the Civil Rights Act of 1871, 42 U.S.C. §§ 1983–86, the Sherman, Clayton, and Robinson-Patman Acts, criminal sections 18 U.S.C. §§ 241, 242, and 371, and various provisions of Texas law. Plaintiffs sought money damages, injunctive relief, costs, and attorneys' fees for claims which have their genesis in an obviously protracted and bitter custody dispute in the Texas state courts between Krempp and his former wife, Ann Krempp McClure. In those proceedings Mrs. McClure was granted custody of the minor and Krempp was ordered to pay child support.

Upon conclusion of the custody litigation, Krempp filed the instant action, throwing a broad loop and naming as defendants: his former wife and her present husband, her attorney during the divorce and custody suit, her attorney in a subsequent proceeding in which Krempp was cited for contempt for failure to pay child support, four Texas judges who performed some judicial duty in the litigation, the clerk of court, the secretary and wife of one of the judges, the Texas State Commission on Judicial Conduct which failed to investigate Krempp's complaint against one of the judges to his satisfaction, and the State Bar of Texas which is accused of violating the constitutional rights of the public and of publishing and enforcing an illegal minimum fee schedule.

Construing Krempp's pro se complaint with the requisite liberality, *Tyler v. Mmes. Pasqua & Toloso*, 748 F.2d 283 (5th Cir. 1984), it appears that Krempp charges a vast conspiracy by the defendants to deprive him of constitutional rights. Since the district court's dismissal was based solely on the pleadings, we accept all well-pleaded allegations as true, *Trupiano v. Swift & Co.*, 755 F.2d 442 (5th Cir.1985), and from that linchpin, determine whether the pleadings state a claim upon which any relief can be granted. The district court found no valid claim alleged. We are likewise persuaded.

■ The antitrust claims were dismissed as "wholly insubstantial and frivolous." That assessment is accurate. To maintain an action for treble damages under 15 U.S.C. § 15, plaintiffs must allege and prove injury to their business or property proximately caused by a violation of the Sherman Act. *Park v. El Paso Board of Realtors*, 764 F.2d 1053 (5th Cir.1985); *Multiflex, Inc. v. Samuel Moore & Co.*, 709 F.2d 980 (5th Cir.1983), *cert. denied*, 465 U.S. 1100, 104 S.Ct. 1594, 80 L.Ed.2d 126 (1984). An injury to the general public is insufficient to maintain an action for treble damages. *Multiflex, Inc.* Plaintiffs' antitrust allegations disclose no actual personal injury due to the alleged conspiracy by the State Bar of Texas to publish, maintain, and enforce minimum fee schedules. Dismissal was proper.

■ To maintain an action for injunctive relief under 15 U.S.C. § 26, plaintiffs must demonstrate "a significant threat of injury from an impending violation of the antitrust laws or from a contemporary violation likely to continue or recur." *Guzik v. State Bar of Texas*, 659 F.2d 528, 530 (5th Cir.1981) (*quoting Jeffrey v. Southwestern Bell*, 518 F.2d 1129, 1132 (5th Cir. 1975)). The complaint set out nothing more than conclusionary allegations; no reference is made to specific fee schedules, mandatory instructions, or any particular conduct of the defendants which might injury plaintiffs in violation of the antitrust laws. Dismissal of the claim for injunctive relief was proper. *See also Reed v. Terrell*, 759 F.2d 472, 473 n. 2 (5th Cir.1985). All antitrust claims brought under various sections of Title 15 were properly dismissed as frivolous.

■ Plaintiffs' claims under Title 42 were also correctly dismissed. Although plaintiffs are seeking damages, they also would have the custody, visitation, and support decisions of the Texas courts vacated. That claim is manifestly frivolous. *See Hagerty v. Succession of Clement*, 749 F.2d 217 (5th Cir.1984). Plaintiffs' claims for damages against the State Bar and the State Commission on Judicial Conduct are barred by the eleventh amendment. *Cory v. White*, 457 U.S. 85, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982).[1] Since plaintiffs seek injunctive relief only against these entities and not against a state official, *Cory* precludes injunctive relief as well.

■ The defendant Texas judges were acting within the scope of their judicial duties; the complaint contains no allegations to the contrary. The defendant judges possess absolute immunity. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Plaintiffs' contention on appeal that the judges acted outside their judicial capacities is not supported by the allegations in the complaint. Regardless, plaintiffs' reliance on *Rankin v. Howard*, 633 F.2d 844 (9th Cir.1980), *cert. denied*, 451 U.S. 939, 101 S.Ct. 2020, 68 L.Ed.2d 326 (1981), is misplaced since this circuit has explicitly rejected the *Rankin* holding. *See Holloway v. Walker*, 765 F.2d 517 (5th Cir.1985).[2]

■ Dismissal of plaintiffs' claims under 28 U.S.C. § 1343 was also proper, *see Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979), and *Hagerty, supra*, as was dismissal of all claims arising from alleged violations of 42 U.S.C. §§ 1983, 1985, and 1986 by all remaining defendants. The facts as alleged against the former wife's husband and attorneys do not even remotely support a recovery under the civil rights statutes.[3] The claims made

---

1. The State Bar is an agency of the Texas Judicial Department. Rev.Civ.Stat.Ann. art. 320a–1 § 2 (Vernon 1973 & Supp.1985). The State Commission on Judicial Conduct is also an agency of the state. Tex. Const. art. 5 § 1–a(2).

2. On appeal, plaintiffs have not briefed the dismissal of their claims for injunctive relief against the judges. The issue is deemed waived.

*Franceski v. Plaquemines Parish School Bd.*, 772 F.2d 197 (5th Cir.1985).

3. In dismissing the claims brought under 42 U.S.C. §§ 1985(3) & 1986, we rely on *Hagerty v. Succession of Clement*, 749 F.2d 217 (5th Cir. 1984), and not, as the district court did, on plaintiffs' failure to allege discrimination based on class membership.

**1322**

against these defendants are all related to the outcome of the custody proceedings. Although plaintiffs style their claim as one for money damages, it is clear that these damages are sought as a result of the outcome of the state court proceedings. Despite plaintiffs' arguments to the contrary, *Hagerty* applies to preclude relief. Review of the state court decisions may be accomplished only through the Texas appellate process. That review may not be secured by the filing of a federal civil rights suit. Federal courts do not sit as appellate courts to review state court judgments. *Carbonell v. La. Dept. of Health & Human Resources*, 772 F.2d 185 (5th Cir. 1985); *Hagerty*.

Finally, there are the claims against Ann Krempp McClure. To the extent that plaintiffs' allegations concern the custody proceedings, the reasoning of *Hagerty* applies. Plaintiffs appear to argue that Mrs. McClure, apparently a lawyer, conspired with one of the judges to "fix" the custody case. Assuming arguendo that Mrs. McClure had ex parte conversations with the judge, there is no allegation that the suit was predetermined or "fixed." We find only a complaint that the conversations were improper. Despite the trappings of a suit for damages, this claim is no more than an attempt to have the district court review the result of the custody proceedings. This the federal court may not do. *See Carbonell* and cases cited therein; *Hagerty*.

The district court did not err in dismissing the 42 U.S.C. §§ 1983, 1985(3), and 1986 claims under Fed.R.Civ.P. 12(b)(6). Plaintiffs have failed to state any claim upon which the federal court can grant relief.

AFFIRMED.