Charles **LEMASTERS**

v.

**K–MART, INC.**

Civ. A. No. 87–4049.

United States District Court,
E.D. Louisiana.

April 27, 1989.

Leonard J. Cline, Joseph H. McCusker, III, Metairie, La., for plaintiff.

David F. Bienvenu, Carmouche, Gray & Hoffman, New Orleans, La., for defendant.

## ORDER AND REASONS

MENTZ, District Judge.

Before the Court is the motion of defendant, K–Mart Corporation (K–Mart), to dismiss for failure to state a claim upon which relief can be granted. The Court, after reviewing the motion, the memoranda of counsel, the record, and the law, grants K–Mart's motion for the reasons set forth below.

Plaintiff, Charles LeMasters, filed this action against K–Mart to recover damages for injuries sustained when he allegedly slipped and fell in defendant's store on August 30, 1986. In his original complaint, Mr. LeMasters demanded compensation for medical expenses, pain and suffering, and loss of earning capacity. Nearly three years after the accident, Mr. LeMasters amended his petition to add his wife, Rosemary LeMasters, as an additional plaintiff. Ms. LeMasters asserts that she is entitled to $100,000.00 in damages for loss of his society, comfort, and consortium. Ms. Le-Masters' claim has prescribed under Article 3492 of the Louisiana Civil Code. However, she asserts that the amended complaint should relate back to the time of filing the original petition by her husband.

Federal Rule of Civil Procedure 15(c) governs relation back of amendments to pleadings. It provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Though the relation back of amendments changing plaintiffs is not addressed in Rule 15(c), the advisory committee note to the Rule provides that "the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs," and courts have applied the Rule in this manner. *See e.g. Williams v. United States*, 405 F.2d 234 (5th Cir.1968); *Stoppelman v. Owens*, 580 F.Supp. 944, 946 (D.C.1983); *Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301 (D.C. 1982).

In *Williams*, the mother who had brought suit on behalf of her minor child sought leave to amend the complaint to appear as a party plaintiff in her own right for recovery for loss of services as allowed to a parent under Georgia law. The case had been pending for five years and, but for the suit on behalf of the minor plaintiff, the mother's claim would have been time-barred. The Court stated that when a new party attempts to enter the litigation, not only must the newly added claim arise out of the conduct, transaction, or occurrence set forth in the original pleading (which K–Mart concedes is met in the instant case), but also the adversary

must have had fair notice that a legal claim existed in *and was in effect being asserted by,* the party belatedly brought in. This becomes of special importance in situations in which a common set of operational facts gives rise to distinct claims (or defenses) among distinct claimants (or defendants). A ready illustration is a personal injury resulting in later death with (a) the individual's claim for lifetime pain, suffering and loss of earnings, etc. (b) the survival of (a) to his personal representative and (c) the pecuniary loss sustained by the decedent's dependents because of his death.

*Id.* at 238 (emphasis added). The court in *Williams* allowed the amendment because the complaint "clearly revealed" the existence of the minor, the minor's mother, and the assertion by her of a claim.

Plaintiffs believe that the claims asserted by Ms. LeMasters relate back under Rule 15(c) because K–Mart was put on notice that she had a potential claim for loss of consortium minutes after the accident. Plaintiffs base this notice argument on the fact that K–Mart knew that Mr. LeMasters had a wife and that she witnessed the accident, as the accident report indicates. Plaintiffs also note that K–Mart has deposed Mrs. LeMasters, and thus is not prejudiced by the amendment.

Contrary to plaintiffs' assertions, the fact that Ms. LeMasters witnessed her husband's accident does not imply that she has a claim for loss of consortium. Similarly, the fact that K–Mart knew that Mr. LeMasters is married does not mean that it knew that his spouse has a claim for loss of consortium. Further, as recognized in *Williams* and other cases interpreting Rule 15(c), "[t]he touchstone ... is whether the defendant knew or should have known of the existence *and involvement* of the new plaintiff." *Leachman,* 694 F.2d at 1309 (emphasis added). Applying this principle, the court in *Pappion v. Dow Chemical Co.,* 627 F.Supp 1576 (W.D.La.1986), refused to allow an untimely amendment adding the wrongful death and survival claims of plaintiffs' ten major children. Distinguishing *Williams,* the court stated that "defendants in the case before us had no notice that any claims of the ten major Pappion children were in any way involved in the lawsuit before the Fifth Amended Complaint which asserted their late wrongful death claims." *Id.* at 1580. Plaintiff attempts to distinguish *Pappion* because the defendants in that case did not even know of the childrens' existence. However, as stated below, the childrens' lack of involvement in the action, not the defendants' lack of knowledge of their existence, was the basis for the court's ruling:

We therefore conclude that Rule 15(c) will not allow a plaintiff to amend his or her complaint to add another prospective plaintiff, whose claim arises out of the same transaction or occurrence of the original pleading and whose claim would otherwise be time-barred, merely because the defendant had prior notice of the additional plaintiff's existence. Rather, the additional plaintiff must have in some manner already been involved in the action, so that the defendant was on notice that it was in effect already defending the action against the new plaintiff who seeks to be added by the late amendment. . . .

Often, a defendant may have notice of the existence of a possible plaintiff or of a possible claim against it. When the applicable period of limitations passes, however, the purpose of the statute of limitations has been served, in that defendant no longer needs to retain evidence and witnesses that may be necessary for its defense, and can devote to more useful purposes the resources that it had been reserving for the defense of the possible claim. The policy for statutes of limitations would be circumvented if a plaintiff is allowed to amend his complaint and add a new plaintiff merely because the new plaintiff's claim arose from the same transaction or occurrence of the original claim and the defendant was aware that the new plaintiff existed.

*Id.* at 1581–82. This application of the Rule is consistent with the advisory committee notes, which recognize "that the chief consideration of policy is that of the statute of limitations" when a change of plaintiffs is sought under Rule 15(c).

Applying the foregoing principles to the case at bar, the Court finds that Ms. LeMaster's claim for loss of consortium does not relate back to the date her husband filed suit. Plaintiffs have offered no evidence to establish that K–Mart knew or should have known of the existence of her cause of action. Neither has Mrs. LeMasters offered any reason for her failure to assert this claim timely. *See* 3 J. Moore, Moore's Federal Practice, ¶ 15.15[4.–1], at 15–160 (plaintiff must show that his or her failure to join the new party was not due to inexcusable neglect). The Court also

notes that in all of the cases interpreting Federal Rule 15(c) cited by plaintiffs, the claims of the new plaintiff were similar or identical to plaintiffs already in the lawsuit. *See Cunningham by Cunningham v. Quaker Oats Co.*, 107 F.R.D. 66 (W.D.N.Y. 1985); *Stoppelman v. Owens*, 580 F.Supp. 944 (D.C.1983); *Staren v. American National Bank and Trust Co. of Chicago*, 529 F.2d 1257 (7th Cir.1976).

 Plaintiffs also argue that the Louisiana Code of Civil Procedure, rather than the Federal Rules of Civil Procedure, should govern this issue since the issue is determinative of whether Ms. LeMasters can maintain her action at all and, hence, is substantive in nature. Plaintiffs note that Ms. LeMasters' claim would be allowed under Louisiana Code of Civil Procedure Article 1153, Louisiana's counterpart to Rule 15(c). *See Giroir v. South Louisiana Medical Center*, 475 So.2d 1040 (La.1985); *Louviere v. Hartford Ins. Co.*, 531 So.2d 299 (La.App. 3rd Cir.1988); *Raziano v. Lincoln Property Co.*, 520 So.2d 1213 (La. App. 5th Cir.1988). Since this action is in federal court under the Court's diversity jurisdiction, plaintiffs urge the Court to apply the Louisiana rule on relation back of amendments to pleadings. Plaintiff believes that to refuse Mrs. LeMasters' entry to the lawsuit is contrary to the policy of diversity jurisdiction, which is designed to provide a different forum rather than a different result to the claim in the lawsuit. To deny the consortium claim, plaintiffs urge, is to reach a decision contrary to Louisiana law. However, plaintiffs have cited no case law in support of this contention. In contrast, K–Mart has noted that "[t]he rule, ... in the Fifth Circuit and other federal circuits, is that in diversity actions in federal court, amendments to pleadings is a procedural matter to be governed by federal law, even if the comparable state law would produce a different result." *Pappion*, 627 F.Supp at 1579. Since plaintiffs have not cited any authority to support their argument, the Court will not apply the Louisiana rule on relation back of amendments.

Accordingly,

IT IS ORDERED that K–Mart's motion to dismiss Ms. LeMasters' claims is GRANTED.