578 So.2d 206 (1991)
Twila WALLACE, et al.,
v.
KAISER ALUMINUM & CHEMICAL CORPORATION, et al.
No. 90-CA-1331.
Court of Appeal of Louisiana, Fourth Circuit.
April 16, 1991.
Rehearing Denied May 9, 1991.
Magdalen C. Blessey, Robert H. Urann, Gardner, Robein & Urann, Metairie, for plaintiffs/appellants.
C. William Bradley, Jr., Lemle & Kelleher, New Orleans, for defendant/appellee.
Before BARRY, WILLIAMS and BECKER, JJ.
BECKER, Judge.
This appeal involves the dismissal of plaintiffs' wrongful death action against defendant. Defendant filed an amended peremptory exception of no cause of action alleging that Kaiser, as the decedent's employer, was not subject to a tort remedy in the instant wrongful death action. An exception of prescription was also filed by defendant relating to a survival action filed by plaintiffs, but was not opposed.
On January 18, 1984, Julious Wallace (Wallace) died after having been diagnosed in 1983 as having lung cancer. Kaiser Aluminum & Chemical Corp. (Kaiser) had been his employer from 1952 through 1972. In 1972, Mr. Wallace was diagnosed as having asbestosis, a fibrotic disease process *207 of the lung. This disease allegedly resulted from his occupational exposure to asbestos dust while working at Kaiser. After being placed on sick leave for a lengthy period, Mr. Wallace formally retired in 1975.
Plaintiffs, Twila Wallace, the wife of Mr. Wallace, their minor child, Andrew Wallace, and their major children, Judy Wallace, Rosemary Wallace Palermo and Julious Wallace, II, filed this lawsuit against Kaiser and several other defendants on December 28, 1984. A supplemental amending petition was filed April 20, 1989, to name proper defendants. On November 14, 1989, plaintiffs filed a second supplemental and amending petition to add a defendant and to allege that decedent's death was caused by asbestos-induced lung cancer. The petition stated two causes of action, a survival action and a wrongful death claim, alleging that Mr. Wallace died as a result of asbestosis, Wegner's granulomatosis, lung cancer, and/or other complications related to his exposure to asbestos while employed by Kaiser.
On February 8, 1990, defendant filed a peremptory exception of prescription relating to plaintiffs' survival action and an amended peremptory exception of no cause of action. The first exception was not opposed and the action was dismissed with prejudice on March 9, 1990. Plaintiffs filed a motion for leave to file a third supplemental and amending petition naming five additional defendants, including three alleged Kaiser executive officers, Ted Aucoin, Marvin Scheunemann and William Crates. The court maintained defendant's exception of no cause of action, dismissing Kaiser with prejudice as a party in plaintiffs' wrongful death action, and denied plaintiffs' motion for leave to amend with respect to the addition of the alleged executive officers.
On April 19, 1990, plaintiffs filed an application for writs of certiorari with regard to the trial court's ruling on defendant's exception of no cause of action and plaintiffs' motion for leave to amend. Subsequently, plaintiffs filed a devolutive appeal on June 11, 1990 with respect to the same issues. On September 4, 1990, this Court granted plaintiffs' writ application (No. 90-C-0809) in part, and allowed the filing of plaintiffs' third supplemental and amending petition, but denied, as an appealable issue only, that portion of the writ in which the trial court maintained defendant's exception of no cause of action.
Plaintiffs allege that the trial court erred in maintaining defendant's exception of no cause of action. The questions for this Court to decide are (1) whether plaintiffs' petition sets forth a cause of action for wrongful death in tort or whether plaintiffs' sole remedy is in worker's compensation, and (2) whether the petition sufficiently alleges an intentional tort.
The Worker's Compensation Act, L.S.A.-R.S. 23:1032 et seq. provides that claims against employers due to disability from an occupational disease are limited to worker's compensation remedies. Only those diseases listed are limited to worker's compensation. Prior to the 1976 amendment, the list of covered diseases included asbestosis but not lung cancer. The 1976 amendment found in Act 147 added lung cancer to the list of occupational diseases.
Louisiana courts have consistently applied the "contraction" theory to determine when a cause of action arises to apply the appropriate law. This theory was first espoused in Faciane v. Southern Shipbuilding Corp., 446 So.2d 770, 773 (La.App. 4th Cir.1984) as follows:
It seems implicit from much of the medical evidence that once silica dust has so damaged and maimed the body that the fibrogenic effects of silica inhalation will progress independent of further exposure, a disease had been contracted. It is at this point and not before that the consequences of exposure to silica becomes inevitable and in our opinion, actionable.
See also Quick v. Murphy Oil Company, 446 So.2d 775 (La.App. 4th Cir.1984), writs denied, 447 So.2d 1074 (La.1984); Owens v. Martin, 449 So.2d 448 (La.1984).
Plaintiffs allege that the trial court incorrectly applied the amended L.S.A.-R.S. 23:1032 to determine that plaintiffs had no *208 cause of action in tort. Plaintiffs maintain that, instead, the court should have applied the pre-1976 worker's compensation statute that did not include lung cancer in the list of applicable occupational diseases. Since Mr. Wallace was exposed to asbestos from 1938 to 1972, plaintiffs' aver that the cumulative daily exposure gave rise to his injuries, the development of lung cancer, and as a consequence thereof, his death. The focal event for determining when the Wallaces' wrongful death action accrued is that point in time when asbestos so damaged and maimed his body that the fibrogenic effects will progress independent of further exposure. Therefore, because plaintiffs' wrongful death action arose while lung cancer was not limited to recovery in worker's compensation, they may pursue their damages in tort.
We agree with the plaintiffs' argument that L.S.A.-R.S. 23:1032 prior to the 1976 amendment should govern the case at bar. However, after applying the pre-1976 version, we reach the same conclusion as the trial court. There is no dispute that Mr. Wallace contracted asbestosis prior to the 1976 amendment giving rise to a cause of action in worker's compensation at that time. Asbestosis is a well known precursor to the development of lung cancer. Mr. Wallace first suffered from asbestosis that developed into lung cancer, eventually causing his death. To allow a cause of action in tort because the pre-1976 statute did not include lung cancer would be the equivalent of stating that lung cancer was the sole cause of Mr. Wallace's death. In short, we would be ignoring the fact that he had asbestosis first, an occupational disease listed prior to and after the 1976 amendment. Had he developed lung cancer first with no concurrent or prior history of asbestosis, the plaintiffs' argument would have merit.
Plaintiffs further allege that they should be allowed to pursue an action in tort because Mr. Wallace's damages resulted from an intentional act on the part of Kaiser pursuant to L.S.A.-R.S. 23:1032. In pursuing their claim, plaintiffs' rely on Schouest v. Stipelcovich, 490 So.2d 294 (La.App. 5th Cir.1986) and Samson v. Southern Bell Telephone & Telegraph Co., 205 So.2d 496 (La.App. 1st Cir.1967). Plaintiffs' argue that the employer (Kaiser) had a legal duty to furnish the employee with a safe workplace and to refrain from knowingly, deliberately and intentionally requiring the performance of employment duties which exposes the employee to occupational risks. Plaintiffs' maintain that Kaiser breached that duty and ask this court to impose tort liability.
For the purpose of an exception of no cause of action, the pleadings must be examined to determine whether an intentional act has been sufficiently alleged. The Louisiana Supreme Court in Bazley v. Tortorich, 397 So.2d 475 (La.1981) set forth a two step analysis to determine the meaning of intent in this context: "... defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did." Id. at 482. To fall within the exception of the worker's compensation statute, plaintiff must plead a specific intentional tort. Dycus v. Martin Marietta Corp., 568 So.2d 592 (La.App. 4th Cir.1990); Caudle v. Betts, 512 So.2d 389 (La.1987).
As stated by this court in Williams v. Charity Hospital of Louisiana, 499 So.2d 1260, 1261 (La.App. 4th Cir.1986), "the insertion of phrases using the word `intentionally' did not transform plaintiff's assertion of an unsafe workplace into an intentional act." The Dycus court in light of Caudle concluded that the "substantially certain" test would be applied only to acts classified as traditional intentional torts such as battery, assault, false imprisonment, etc. Id. at 594.
Furthermore, Louisiana courts have consistently held that an employer's knowledge that an occupation or industry is dangerous and concomitantly creates a high probability that someone will eventually suffer injury is not the "substantial certainty" needed to state a cause of action. See Dycus, supra; Davis v. Southern Louisiana Insulations, 539 So.2d 922 (La. App. 4th Cir.1989) (citing Redding v. Essex Crane Rental Corp. of Alabama, 500 So.2d 880, 883 (La.App. 1st Cir.1986), writ denied, 501 So.2d 774 (La.1987); Maddie v. Plastic Supply & Fabrication, Inc., 434 So.2d 158, 161 (La.App. 5th Cir.), writ denied, *209 435 So.2d 445 (La.1983). As illustrated in Hood v. South Louisiana Medical Center, 517 So.2d 469, 471 (La.App. 1st Cir.1987), an employer's failure to maintain safe working conditions may give rise to conditions "which, at most, could be said to have made the occurrence of an accident likely, but the circumstances fall short of indicating that injury to plaintiff was inevitable or substantially certain to occur."
Likewise, plaintiffs' allegations that Kaiser knew or should have known that the use of asbestos in the work place is dangerous and could cause injury are insufficient. Absent any allegations that Kaiser had an active desire to harm Mr. Wallace, and that injury to Mr. Wallace was "substantially certain" to result from his employment, the plaintiffs' conclusory statements in their petition are insufficient to provide a cause of action in tort.
Accordingly, for the reasons stated, the trial court's judgment granting defendant's exception of no cause of action is affirmed.
AFFIRMED.
BARRY, Judge, concurs with reasons.
I disagree with the very restricted rationale of Dycus v. Martin Marietta Corp., 568 So.2d 592 (La.App. 4th Cir.1990). My position is expressed in Williams v. Gervais F. Favrot Co., Inc., 573 So.2d 533 (La.App. 4th Cir.1991).
I agree with the result.